# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MAURICE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV116 RWS |
| | ) | |
| FOOD SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon receipt of plaintiff's payment of the $350 required filing fee, in accordance with this Court's Order of August 10, 2007 [Doc. #4]. Plaintiff, an inmate at Missouri's Southeastern Correctional Center (SECC), brings this action under 42 U.S.C. § 1983 against employees of SECC for alleged violations of his constitutional rights. The Court has reviewed the complaint and finds that it should be partially dismissed pursuant to 28 U.S.C. § 1915A.

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the Court is required to "review...as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this § 1983 action against several employees of SECC, in both their individual and official capacities. Named as defendants are: Food Service at SECC; Christy Clinton (Classification Caseworker, Assistant); Keith Mays (Functional Unit Manager); Omer Clark (Acting Associate Superintendent); Patricia Cornell (Assistant Director Division of Adult Institutions); M. Jackson (correctional officer); Troy Steele (Superintendent); and Steve Long (Assistant Director, Division of Adult Institutions). Plaintiff seeks monetary and injunctive relief.

Plaintiff claims that on September 16, 2006 defendant Jackson intentionally provided him with poisoned food. Plaintiff alleges that he became ill from the food and as a result, fell and lacerated his forehead, and required medical attention. Plaintiff asserts that although Jackson and several others responded to his request for medical attention, after apprising the situation, they stood and waited outside his cell for medical staff to arrive. Plaintiff claims that Jackson and other officers (not named as defendants in this action) were laughing and cracking jokes during the time period he was receiving treatment.[1] Plaintiff has not indicated any dissatisfaction with the medical treatment he received as a result of the incident, nor has he indicated a delay in medical care.

Plaintiff additionally claims, in a conclusory fashion, that other staff members, including defendants Clinton, Mays, Clark, Cornell, and Steele, failed to properly intervene in other unnamed incidents he suffered and "conspired together in violating

---

[1] In addition to the verbal "harassment" plaintiff mentions in his complaint, he has also provided "background" information relating to other complaints he has about several different correctional officers. Plaintiff has not, however, identified these assertions as claims in this lawsuit, nor has he named the individuals who purportedly perpetrated these actions as defendants. As such, the Court does not construe these assertions as claims for relief in the present action. Moreover, the Court takes judicial notice that plaintiff's assertions against the other correctional officers are outlined as claims in a companion lawsuit filed with this Court. See Campbell v. Wilhite, et al., No. 1:07CV0018 TCM.

[his] civil rights." Plaintiff has not provided any allegations against defendant Long or defendant Food Service.

## Discussion

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of right of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Plaintiff's claims against defendant Jackson relating to the alleged poisoning survive review under 28 U.S.C. §1915A. However, plaintiff's assertions that defendant Jackson, along with other officers not named as defendants in this action, laughed and cracked jokes during the time period he was receiving medical treatment fail to state a claim. This purported "verbal harassment" does not rise to the level required to establish a constitutional violation given that Plaintiff admits that he received the medical care he required and does not complain about a delay in receiving the care. See, e.g., McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993); King v. Olmsted, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation

of a constitutional right). A deprivation of "peace of mind" similarly does not support a constitutional claim. King, 117 F.3d at 1067.

Additionally, plaintiff's allegations against defendants Clinton, Mays, Clark, Cornell, and Steele, fail to state a claim because plaintiff has failed to allege specific facts as to any of these named defendants. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Therefore, the Court concludes that plaintiff's claims against defendants Clinton, Mays, Clark, Cornell and Steele are legally frivolous. Moreover,

because plaintiff has not provided any allegations against defendant Long or defendant Food Service[2], these two defendants must also be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Jackson shall reply to plaintiff's claims within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Court shall dismiss the complaint as to defendants Clinton, Mays, Clark, Cornell, Steele, Long and the Food Service at SECC because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 6th day of December, 2007.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[2]The Court is mindful that although plaintiff complains of food poisoning, he says it was intentionally done by defendant Jackson. As such, he has not alleged that defendant Food Service had anything to do with the alleged Constitutional violation.