**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **MAURICE CAMPBELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:07CV116 SNLJ** |
| | ) | |
| **FOOD SERVICE, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Travis Jackson's motion for summary judgment (#32), filed February 6, 2009. In response, plaintiff filed a cross motion for summary judgment (#34) on April 15, 2009. Defendant filed a response in opposition to plaintiff's motion for summary judgment (#37) on May 15, 2009. To date plaintiff has not filed a reply.

### I. Statement of the case

Plaintiff, Maurice Campbell, filed this action against defendants Food Service, Christy Clinton, Keith Mays, Omer L. Clark, Patricia Cornell, Travis Jackson, Troy Steele, and Steve Long, alleging violation of his Eighth Amendment rights. Defendant Jackson is the only remaining defendant and now moves for summary judgment. Plaintiff is an inmate currently incarcerated at Southeast Correctional Center ("SECC"). At the time of the alleged incident, plaintiff was housed in Housing Unit 2. Defendant Jackson was a corrections officer assigned to Housing Unit 2 on the day of the incident. Plaintiff alleges that on the morning of September 17, 2006, he became ill after consuming turkey ham that had been poisoned with arsenic by defendant Jackson.

At SECC inmate meals for housing unit 2 are prepared in a central kitchen by inmates and staff and then prepared food trays are delivered to the housing units in metal carts. The individual trays are then delivered to the inmates by the officers in the housing units. The trays are covered and the lids are not removed until the food is delivered to the inmates through the food port in their cell door. On the day of the alleged incident, defendant Jackson was delivering the breakfast trays with the aid of an inmate. Plaintiff received a breakfast tray from the defendant consisting of turkey ham, jelly, and untoasted bread. Plaintiff alleges that his breakfast had a funny odor and strange appearance. Plaintiff described his turkey ham as having a "rainbow" coloration. Despite the strange order and appearance, and despite being aware that he could request a new tray, plaintiff began to eat his breakfast. Immediately after plaintiff began eating his breakfast he became ill. Plaintiff allegedly felt dizzy, became "paralyzed," lost consciousness, and later vomited. During this episode, plaintiff also allegedly fell, hitting his head against the toilet causing a cut. A nurse responded to plaintiff's cell and he was transferred to the medical unit. Plaintiff was placed in the transactional care unit for 23-hour observation. He was discharged to his housing unit on September 18, 2006. Plaintiff's medical records do not indicate that his symptoms occurred as a result of the food he ate. No doctor or nurse told plaintiff that his symptoms were a result of food poisoning.

## II. Standard of Review

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really

do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 59(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

**III. Preliminary Matters**

As noted in defendant's reply brief, plaintiff's motion for summary judgment alleges additional causes of action that were not raised in plaintiff's complaint. Further, plaintiff appears to be raising discovery requests in his motion for summary judgment. Plaintiff's mention of First

and Fourteenth Amendment violations in his motion for summary judgment were not in his complaint nor are they explained in his motion and thus this Court finds that the Eighth Amendment violation is the only issue properly before the Court. This Court also declines to address what appears to be plaintiff's request to overturn defendant's objections to interrogatories served on the defendant during discovery. The deadline for completion of discovery has long passed and this Court will not address these interrogatories outside a proper motion to compel nor does the Court need to do so before ruling on the pending motions to dismiss.

## IV. Summary Judgment Motions

Both plaintiff and defendant have filed motions for summary judgment. Defendant first filed summary judgment asserting that plaintiff's suit against the defendant is barred both by the Eleventh Amendment and based on qualified immunity. In response, plaintiff filed his own summary judgment motion arguing that on the facts of the case, he is entitled to judgment as a matter of law. This Court will first address defendant's motion.

### A. Defendant's Motion

Plaintiff brought suit against defendant in both is individual and official capacity. Defendant argues that plaintiff has failed to state a claim cruel and unusual punishment in violation of the Eighth Amendment. Under the Eighth Amendment, officials must ensure that prisoners are afforded "humane conditions of confinement," such as "adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." Famer v. Brennan, 511 U.S. 825, 832 (1994). In order to sustain an Eighth Amendment conditions-of-confinement claim, plaintiff must establish both an objective and subjective component. Jolly v. Knudson, 205 F.3d 1094, 1096 (8th Cir. 2000). Plaintiff must show that the deprivation he suffered was sufficiently serious under an objective standard, and that the act was done with

sufficiently culpable state of mind under a subjective standard. <u>Williams v. Delo</u>, 49 F.3d 442, 445 (8th Cir. 1995). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." <u>Farmer</u>, 511 U.S. at 837.

Plaintiff had not demonstrated either element. Inmates have a right to nutritionally adequate food. <u>Wishon v. Gammon</u>, 978 F.2d 446, 449 (8th Cir. 1992). Plaintiff alleges that the food he received was poisoned which cased him to become ill. Yet, plaintiff's medical records do not demonstrate a diagnosis of food poisoning. Plaintiff's medical history establishes a history of intestinal issues including constipation and previously feeling nauseous after eating. Although the facts demonstrate that plaintiff's symptoms occurred almost immediately after breakfast, the only evidence of a casual connection are plaintiff's own allegations. Even assuming a connection, plaintiff states that he knew the food smelled and looked odd, and he knew he could request a different tray, yet, chose not to do so. Plaintiff cannot show that he was deprived adequate food untainted where he recognized the food seemed odd but ate it anyway. Further, there is no evidence that there was a poison such as arsenic in the food rather than simply spoiled turkey ham.

Plaintiff has also failed to demonstrate the second element because, even if the food was poisoned, there is no evidence to show that defendant was the acting party. The uncontroverted facts are that defendant was responsible for the delivery of the food. There is no evidence that defendant prepared the food. Plaintiff never saw the defendant tamper with the food. Plaintiff merely believed that, based on a past grievance filed by plaintiff against defendant, that he assumed that the defendant had tampered with his food tray. This is not enough to support an Eighth Amendment claim. *See* <u>Livingston v. Goord</u>, 225 F.Supp.2d 321, 322 (W.D.N.Y. 2002),

*overruled on other grounds*, ("even assuming the food was contaminated by someone, it would be . . . speculative to conclude that . . . defendants were the culprits simply because they delivered plaintiff's food to him).

There is no evidence that plaintiff's symptoms were caused by poison or even spoiled food much less that defendant purposefully acted to poison the plaintiff. For this reason defendant is entitled to summary judgment both in his official and individual capacity.

### B. Plaintiff's Motion

Plaintiff asserts that he is entitled to summary judgment as a matter of law. However, as stated above, plaintiff has failed to present any evidence that his symptoms were caused by poison and that defendant was the one who poisoned him. The undisputed facts and medical records do not support a finding that there was any Eighth Amendment violation and as such, is not entitled to summary judgment in his favor.

## V. Conclusion

This Court finds that there are no facts presented by plaintiff to establish defendant violated plaintiff's Eighth Amendment rights. The medical records do not establish that plaintiff became ill due to food poisoning. Even if this Court were to assume plaintiff's breakfast was the cause of his symptoms, plaintiff has presented no evidence to support a finding that defendant was responsible. Plaintiff never saw defendant tamper with his food and freely admits that there were several other inmates and prison workers who prepared or had access to his tray. Without any specific facts in support, plaintiffs assumption that defendant could have tampered with the food out of retaliation for a past grievance is not enough to survive summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (#32) is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (#34) is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that this case is hereby **DISMISSED** in its entirety.

Dated this   29th   day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE